Wilson *v.* Grand Trunk Railway.

---

ELLEN WILSON *vs.* GRAND TRUNK RAILWAY OF CANADA.

The delivery of a trunk into the possession of a railroad station baggage-master, at his station, for transportation, and his reception of the same for that purpose, impose upon the corporation the obligation of a common carrier.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for this county.

The case is sufficiently stated in the opinion.

*Shepley & Strout*, for the plaintiff.

*P. Barnes*, for the defendants.

APPLETON, C. J. This is an action against the defendant corporation as common carriers, for neglecting to carry the plaintiff's trunk and deliver the same, according to contract. The writ is in the usual form. There is no motion for a new trial. We cannot, therefore, consider the question whether the verdict is against evidence, the defendants not having seen fit to present it. The exceptions taken at the trial only are before us.

The plaintiff was a passenger on board the defendants' cars. Her trunk had been lost while traveling over the Portland & Kennebec Railroad. Some two or three days after she had passed over the defendants' railroad, the conductor on the Portland & Kennebec Road found the trunk and left it in charge of the defendants' baggage-master,—on their platform,—informing him that the plaintiff had passed over the defendants' railroad two or three days before, and requested him to take charge of the same and deliver it at the Empire station, on their line, which he promised to do. Nothing was said about freight nor whether the trunk should go by the passenger or the freight train. The trunk was lost, and this suit is brought to recover its value.

The plaintiff traveled over the defendants' railroad without her trunk. She had no right to require it to be carried subsequently without compensation as the baggage of a passenger. The defendants were under no obligation so to carry it. They were in no way responsible for its loss originally. *Wilson* v. *G. T. Railway Co.*, 56 Maine, 60.

The plaintiff was liable for freight, and the defendants had a right to claim it. It was not necessary for the plaintiff to tender it to render the defendants liable,—unless prepayment was demanded.

It is objected that no checks were given, and that the action of the baggage-master was in violation of the rules and regulations of the corporation. These regulations are not before us. It is said

they were before the court at a former trial, but that cannot avail the defendants in the present case. However stringent they may be, we cannot give effect to them unless they are offered in evidence. If reliance was placed upon them, they should have been introduced and made part of the case.

The defendant requested the presiding judge to instruct the jury " that upon the whole evidence the plaintiff is not entitled to recover, and their verdict should be for the defendant." This instruction was refused, and the jury were instructed that if the testimony satisfied them " of the fact that this trunk was taken into possession of the baggage-master, of the defendants' road, at Yarmouth Junction, he having authority to receive it in behalf of the company, and he did receive it and promised in behalf of the company that the company should carry it safely for this plaintiff and deliver it to her at the Empire station, and the trunk being so received has not been so carried but was lost, and on suitable demand therefor, it has not been delivered to her, and that without a claim for freight on it or any pretense of withholding it for payment of freight . . . the plaintiff is entitled to recover the value of the trunk and its contents."

The trunk was delivered in the custody of the defendants' agent for transportation. It was accepted by him for that purpose. Nothing was said as to the freight or transportation. But the law imposes the obligation to pay. It was left in the custody of the defendants and with their agent for transportation. Neither the plaintiff nor the conductor of Kennebec & Portland Railroad assumed to give directions as to the time or mode, but left the whole to the defendants. In *Mayall* v. *Boston & Maine Railroad*, 19 N. H. 122, it was held, that when the corporation have a general agent, who is employed by them for the express purpose of recovering and transporting merchandise for him, and is held out to the world as invested with authority for this purpose, if goods are delivered to him, to be transported in the way of his duty, the corporation will be liable for the manner in which that duty is performed, and the contract of bailment may be regarded as made by them.

The cases cited by the learned counsel for the defendants are not at variance with these views. In *Elkins* v. *Boston & Maine Railroad*, 23 N. H. 287, Gilchrist, C. J., says, " The articles were such as are usually carried as personal baggage. They were not accompanied by the owner, and, by the printed rule in which the defendants rely and by the practice, no agent was authorized to send them by the express train." But the printed rules of the corporation, whatever would be their effect, are not before us. In *Collins* v. *Boston & Maine Railroad*, 10 Cush. 507, the plaintiff sent by a passenger train a quantity of merchandise, expecting to go with it, but did not. The goods were lost without any gross negligence in the carrier or any conversion by him. Held, the carrier was not liable. But Dewey, J., in delivering the opinion of the court, uses the following language : " To avoid all misapprehension as to other cases, it may be, however, proper to remark, that in this opinion we have reference to the cases where boxes of goods, bales of merchandise, or the like, are, for a compensation to be paid, though received by carriers of persons for transportation by passenger trains, being known and understood not to be baggage. Such carriers may contract for carrying merchandise on these trains, and whenever they do so, they do it with the ordinary liability of carriers of merchandise."

A " passenger's baggage," says the court in this case, 56 Maine, 60, " subsequently forwarded by his direction, in the absence of any special agreement with the carrier, or negligence on his part, is liable, like any article of merchandise, to the payment of the usual freight." The same view of the law was taken by Nelson, J., in the Elvira Harbeck, 2 Blatchford, 339, a case similar to the one at bar, in which he says, " In cases where the passenger accompanies his baggage, the fare charged for his passage includes compensation for its transportation, and the carrier becomes responsible for its safe delivery. If the passenger does not accompany it, the carrier may claim compensation in advance, or may postpone his claim till the delivery, and rely on his lien or on the personal responsibility of the owner. I do not see why the rule of responsibility for the safe-

keeping should not be the same in both cases; the actual payment of the freight in one case, and the actual liability and lien for its payment in the other, constitute the consideration for the undertaking."

The instruction given was correct, and the one requested and withheld was rightly refused.

The delivery of a trunk into the hands of the defendants' agent, and the reception of the same by him for transportation, imposes upon the corporation the obligation of common carriers. It is like the delivery of any parcel for freight. The law imposes the obligation to pay on the part of the owner, and to safely carry and deliver on the part of the carrier. There is no evidence that the plaintiff claimed it should be carried without compensation as passenger's baggage, or that the defendants' agreed so to transfer it. It mattered not whether it was a trunk or a barrel of flour. It was received to be safely carried. It was known to be the trunk of a passenger who had previously passed over the road.

The objection that there was a variance between the writ and the proof is without foundation. The evidence fails to show there was any special delivery of the trunk to be carried as passenger baggage and without compensation. The plaintiff was not there, and could not, therefore, make such claim. The conductor of the Kennebec & Portland Railroad merely stated the facts and left the trunk with the defendants' agent to be carried on such of their trains as they might elect, and for such compensation as the law might determine.          *Exceptions overruled.*

CUTTING, KENT, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.